RECEIVED
AUG 28 2012
THOMAS G BRUTON
CLERK, U.S DISTRICT COURT

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

JEROME L. GRIMMAGE
Plaintiff

-vs-

KRISTAL RIVERS, DAWN WELKIE assistants' to the Attorney General and State Attorney, sued in their individual capacity
Defendant's

PRETRIAL DETAINEE
Case No: ______________
"Civil Rights Complaint" under 42 U.S.C. section 1983

Judge:

"Jury Trial Demanded"

12 C 6913
Judge Harry D. Leinenweber
Magistrate Judge Geraldine Soat Brown

## Complaint

Now comes, Plaintiff, JEROME L. GRIMMAGE, pro-se counsel of Record and on his own behalf for his complaint against the Defendant's ("Def's"), and states:

## Preliminary Statement

1) This is a civil action proceeding for monetary, compensatory and punitive damages pursuant to 42 U.S.C. section 1983 to redress the deprivation, under color of state law, of rights secured by the Constitution of the United States and The State Of Illinois Constitution.

## Jurisdiction

2) The court has jurisdiction over the plaintiff claims of violation of his federal constitutional rights under 28 U.S.C. § 1331. Plaintiff seeks declaratory relief pursuant to 28 U.S.C. section 2201 and 2202. Plaintiff claim in junctive relief are authorized by 28 U.S.C. section 2283 & 2284 and by Rule 65 of the Federal Rules of Civil Procedure.

3) The court has supplemental jurisdiction over the plaintiff state law tort claims under 28 U.S.C. § 1367.

## Venue

4) The "United States District Court, Northern District of Illinois" is an appropriate venue under 28 U.S.C. section 1391 because it is where the events giving rise to this claim occurred.

## Parties

5) Plaintiff, Grimmage currently reside within the Illinois Department of Human Services (DHS) Treatment and Detention Facility (TDF) in Rushville, Illinois. I am a pretrial "Detainee".

6) Defendant #1- Miss or Mrs. Kristal Rivers, who is an employee and an assistant to the Attorney General "Lisa Madigan". She is legally respon-

sible and the cause for my pain and suffering. She is being sued in her individual capacity. Under Color Of State Law.

7) Defendant #2 - Miss or Mrs. Dawn Welkie, who is an employee and an assistant to the State Attorney "Anita Alvarez". She is legally responsible and the cause for my pain and suffering. She is being sued in her individual capacity. Under Color Of State Law.

Facts

8) On July 20, 2005 I (the plaintiff) took a plea of guilty of 2 cts of Agg Crim Sex Abuse. 14 years on one ct, and 4 years on the second ct which ran consecutive (together). A total of 18 years at 50%. In which I only had to do was 9 years.

9) On March 25, 2011, I've talked to an evaluator. Pursuant to 725 ILCS 207/1 et seq. When I was at Henry Hill Correctional Center in Galesburg, Illinois.

10) A few week's latter I got served with a summons to appear before the Honorable Paul Biebel or any judge appearing in his stead, in Courtroom 101 of the Cook County Criminal Courts, 2600 South California Ave., Chicago, Illinois 60608, on May 2, 2011 at 10:00 a.m. for appearance on the

Petition for Sexually Violent Persons Commitment filed herein, a copy of which is attached hereto.

11) On July 26, 2011, the Honorable Paul Biebel found that I maybe a Sexually Violent Person. Pursuant to 725 ILCS 207/1 et seq. And ordered that I be detained at the Illinois Department of Human Services Treatment and Detention Facility. In Rushville, Illinois.

12) I was to be released on MSR, May 9th, 2011. But do to this petition that Kristal Rivers and Dawn Welkie, the assistant's to the Attorney General and State Attorney. I am being detained for the crime or crimes that I have already done time for. Pursuant to 725 ILCS 207/1 et seq.

13) It is written in Mental Health 454. Persons and offenses included. N.D. Ill. 2001. Under Illinois' Sexually Violent Persons Commitment Act (SVPCA), the state is not required to seek commitment of all ~~persons~~ persons who might qualify under the SVPCA; it has discretion in selecting from the pool of eligible defendants those who should be recommended for commitment.

S.H.A. 725 ILCS 207/1 et seq. - Rogers v. Illinois Dept of Corrections Special Evaluation Unit, 160 F. Supp. 2d 972.

14) The assistant's Kristal Rivers, Dawn Welkie to the Attorney General and State Attorney intentionally and deliberately cause me harm when they petition me under this hybrid scheme "Act" law called "Sexually Violent Persons Commitment Act", pursuant to 725 ILCS 207/1 et seq.

15) Which got me detained and my MSR toll. This is why both Kristal Rivers and Dawn Welkie should be held liable for my pain and suffering. Because this sex offender law (Sexually Violent Persons Commitment Act) is rigious, grevious and unconstitutional.

16) This "Sexually Violent Persons Commitment Act", is malicious, repugnace, odium, loathing and prejudice. This "Act" is bias toward me for my past crimes and it's injustice.

17) This "Act" is depriving me of article I - Bill of rights, ~~State~~ in part: 1. Inherent and Inalienable Rights All men are by nature free and independent and have certain inherent and inalienable rights among which are life, liberty and the pursuit of happiness.

From the Constitution Of The State Of Illinois.

And in Article I - Bill of Rights of the Constitution of The State Of Illinois. Section 10 Self-Incrimination and Double Jeopardy states in part: Nor be twice put in jeopardy for the same offense.

18) This scheme law, "Sexually Violent Persons Commitment Act" is a violation of my United States Constitutional rights. This "Act" is depriving me of Fifth Amendment which states: No person shall be held to answer for a capital or otherwise infamous crime, unless on a presentment or indictment of a grand jury, except in cases arising in the land or naval forces, or in the militia, when in actual service in time of war or public danger; nor shall any person be subject for the same offense to be twice put in jeopardy of life, or limb; nor be deprived of life, liberty, or property, without due process of law; nor shall private property be taken for public use, without just compensation.

19) This "Act" is also in violation of my 8th amendment which states in part: Nor cruel and unusual punishments inflicted. This "Act" has indeed been cruel and unusual punishments inflicted on me.

By detaining me for a crime or crimes from my past, that I've already done time for. This "Sexually Violent Persons Commitment Act" is bias and loathing towards me!

20) This "Sexually Violent Persons Commitment Act" has stepon and violated my 9th amendment Constitutional right, which states in section 1. Reserved Rights of People: The enumeration in the Constitution, of certain rights, shall not be construed to deny or disparage others retained by the people.

21) Kristal Rivers and Dawn Welkie had me Involuntary Civilly Commited, under this "Sexually Violent Persons Commitment Act," Pursuant to 725 ILCS 207/50 (c).

22) This "Sexually Violent Persons Commitment Act" is in violation of my 13th Amendment Constitutional Right, which states: In section 1. Slavery Abolished: Neither slavery nor involuntary servitude, except as a punishment for whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction.

23) The prosecution assistant's Kristal Rivers and Dawn Welkie had me petition under this (Involuntary Civilly Commited) "Sexually Violent Persons Commitment Act", which was hateful and inconsiderate. They both cause me pain and suffering and sorrow and lost of time with my family.

24) I haven't done "NO" crimes and I haven't been convicted of "NO" crimes as it says in the 13th amendment. This "Act" is unconstitutional and injustice and punitive and retroactive law.

25) This "Sexually Violent Persons Commitment Act" is in violation of my 14th Amendment Constitutional Right, which states in part: No State shall make or enforce any law which shall abridge the privileges or immunities of citizens of the United States; nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws.

26) This "Sexually Violent Persons Commitment Act" is in violation of my Constitution of the State of Illinois Article I - Bill of Rights section 20. Individual Dignity, which states

To promote individual dignity, communications that portray criminality, depravity or lack of virtue in, or that incite violence, hatred, abuse or hostility toword, a person or group of persons by reason of or by reference to religious, racial, ethnic, national or regional affiliation are condemned. This sex offender law is criminal and hateful towards me.

27) This "Act" is hatred, hostil and criminal towords me. And it's in violation of both Constitutions.

28) This "Sexually Violent Persons Commitment Act", is in violation of my Constitution of the State of Illinois and The Constitution Of The United States.

29) This "Sexually Violent Persons Commitment Act" is in violation of my Constitution of the State of Illinois Article I - Bill of Rights section 16. Ex Post Facto Laws and Impairing Contracts; which states: No ex post facto law, or law impairing the obligation of contracts or making an irrevocable grant of special privileges or immunities, shall be passed.

30) And in the Constitution Of The United States this "Act" is in violation of Article I, § 9, cl. 3 No Bill of Attainder or ex post facto Law

shall be passed.

31) It is cognizable (Known) that this hybrid scheme "Act" law in itself is breaking the laws. This "Sexually Violent Persons Commitment Act" is Ex Post Facto Clause: U.S. Const. Article I § 9, cl3 and it's "Retroactive Law". Which is forbidden by both Constitutions.

## Claims

32) Defendant's Kristal Rivers and Dawn Welkie acted under color of State law. And in accordance with the policies, practices and customs of the offices of Attorney General and State Attorney. When they both petition me (the plaintiff) under the "Sexually Violent Persons Commitment Act" law. In which cause me pain and suffering, sorrow and lost of time with my loved ones (family)! And the deprivation of Jerome Grimmage constitutional's rights detailed above.

## Prayer for Relief

Wherefore, plaintiff respectfully demand a jury trial and pray that this court enter judgment granting plaintiff:

33) A declaratory judgment that the act and

omissions described herein violated plaintiff Constitutional Rights under the United States Constitution and the Constitution Of The State Of Illinois and laws.

34) A preliminary and permanent injunction ordering defendant's Kristal Rivers and Dawn Welkie to dismiss with prejudice the "Sexually Violate Persons Commitment Act", petition that they placed on plaintiff Jerome L. Grimmage. And to exempt Jerome L. Grimmage from his Mandatory Supervise Release (MSR) since it got toll by this hybrid scheme "Act" law.

35) Compensatory damages in the amount of $800.000 against each defendant, jointly and severally.

36) Punitive damages in the amount of $100.000 against each defendant

37) Any additional relief this court deems just, proper, and equitable.

Respectfully submitted,

Jerome L. Grimmage

Pro-se

Gerome L. Grimmage
1680 E. County Farm Rd.
Rushville, Illinois 62681

Self notized by virtue of Title 28 U.S.C.A. §1746 and 18 U.S.C.A. §1621

On this 14 day of August 2012 This procedure has been self notarized under the penalty of perjury, in accordance with 28 U.S.C.A. §1746, 18 U.S.C.A. §1621.

Defendant(s):

Kristal Rivers

Assistant Attorney General - Title
100 W. Randolph 12th Flr. - Place of Employment
Chicago, Illinois 60601

Dawn Welkie

Assistant State Attorney - Title
26500 South California 11C10 - Place of Employment
Chicago, Illinois 60608

To the court:

In the year 1215 King John signed the Magna Carta Article 39 which said, "No free man shall be arrested, or imprisoned, or deprived of his property, or outlawed, or exiled, or in anyway destroyed, nor shall we go against him or send against him, unless by legal judgment of his peers, or by the law of the land."

Deuteronomy 1:16-17 (These are the words of Moses unto Israel.)
And I charged your judges at that time, saying Hear the causes between your brethren, and judge righteously between every man and his brother, and the stranger that is with him.
Ye shall not respect persons in judgment; but ye shall hear the small as well as the great; ye shall not be afraid of the face man; for the judgment is God's and the cause that is too hard for you, bring it unto me and I will hear it.

Signature from

Jerome L. Grimmage

Jerome L. Grimmage

IN THE CIRCUIT COURT OF COOK COUNTY, ILLINOIS
COUNTY DEPARTMENT-CRIMINAL DIVISION

| | | |
|---|---|---|
| IN RE THE COMMITMENT OF: | ) | |
| | ) | |
| JEROME GRIMMAGE, | ) | Case No. 11 CR 800 10 |
| IDOC #B04064 | ) | |
| Respondent. | ) | |

**SUMMONS**

**TO RESPONDENT:**
**JEROME GRIMMAGE**
**IDOC #B04064**
**Hill Correctional Center**
**600 South Lynwood Road**
**Galesburg, Illinois 61401**

**YOU ARE HEREBY SUMMONED AND REQUIRED TO APPEAR** before the Honorable Paul Biebel, or any judge appearing in his stead, in Courtroom 101 of the Cook County Criminal Courts, 2600 South California Ave., Chicago, Illinois 60608, on May 2, 2011 at 10:00 a.m. for appearance on the Petition for Sexually Violent Person Commitment filed herein, a copy of which is attached hereto.

**TO THE OFFICER:**

This Summons must be personally served before the time stated therein for appearance. The Summons must be returned by the officer to whom it was given for service, with affidavit for service and fees, if any, immediately after service.

WITNESS: April 29, 2011

Dorothy Brown SC
CLERK OF THE COURT

come in contact with these individuals had said the same thing, that we knew after the first time that this person was going to do it again, but unfortunately there was no way we could keep this person and do anything about it. Whether we're talking about - as they say, cases I had - I had baseball coaches when I was a um, State's Attorney, and Boy Scout leaders and the rest who had previously served time for raping children, who'd gotten back on the streets and they did it again, and destroyed countless lives. When you're talking about that or you're talking about the newspaper accounts, like Timothy Buss who had been in before for raping and murdering somebody and was back on the streets and did it again, or you talk about the woman who was attacked at the Woodfield Mall. You have numerous incidents where these people are known predators who are released out in the streets. The laws that we have on the books right now are horribly inadequate and, this is an attempt to try to plug a hole here. We have community notification, but frankly, community notification does not work in these instances and cannot, by its very nature, (when) you're looking at the Woodfield Mall case, you're looking at virtually any of these other ones, these are instances where notification doesn't work, because the predator is standing by his house when he does this. He isn't working around his neighborhood. They have gone outside their neighborhood, they've gone to shopping centers, malls, and everywhere else, what this bill attempts to do, is to answer that, and the attorney general and I have been working on this bill for quite awhile now in an effort to address what is a very serious problem here. Is that how do we get at these very serious offenders that we know are going to go out and have a higher recidivism rate, and are going to commit offenses again. And what the sexual predator statute does, it's expansion on a law that we have on the books right now, which is very rarely used. And what this bill would do would allow for state's attorneys, or the attorney general in no particular order, frankly, to determine whether or not they wish to file a petition against the individual who is going to be released from prison, to have that individual, basically come in front of a court for a determination of whether that individual is safe to be released out into the streets. All of the due process, um, is going to be granted to this individual; they will have the ability for a jury trial and the like, and attorneys and the rest, and it'd basically be psychiatric testimony would be given as to whether or not this person's safe to be released on the streets. If not, the person would be committed and would be given treatment so that individual may get out, of prison then. I emphasize that, because the reality of it is, is our prison system right now, it's incredibly inadequate, when it comes to dealing with these individuals; we have voluntary programs right now in this state which are attended by, I think that the numbers are like, 20 or 30% of the individuals get involved with these programs in the prison system, I think it's 7% actually follow through on the treatment, so the rest of the 93% of the individuals are then just released out into streets with no treatment and no follow up. So they're bombs waiting to go off. This bill addresses that, and - so I don't want to go into any more detail, because the attorney general here is going to testify at greater length and answer any questions we have here. As I say, I can't emphasize enough; this is something that both he and I show very strongly about we've been working on it for a couple of years now to get it to the right place, and get this drafted so that we can overcome the constitutional concerns that are floatin' around out there, and I would appreciate a favorable vote.

F: I would like to add that Representative Cross has joined us. And add him to the role. ______ is Paul ___ of the Illinois Association of Chiefs of Police, Jerry ____ with the Cook County State's --I'm sorry ____ Jerry ____ with the Cook County State's Attorney is

C000095

F: I know, us old girls always look alike, sorry.

C: I apologize, um, anyway, we just think this is premature at this time and if we think this would ah, would be a better bill with a little time in a Supreme Court decision. Thank you, Madam Chairwoman.

(pause)

F: Just for the members' information, we think that they're switching session to 9:30 from 9:00 we're in the process of trying to find that out. Representative Cross, did you have a question?

C: Yes. Why are - _____ why don't we do this at the time of sentencing? I mean, why are we (waiting) if someone's a sexually dangerous person, then, we're gonna - it seems like we could determine that at the time of sentencing of the original crime, just as easily as at the time - potentially the time of discharge. And I know you've talked about the inadequacy of the Department of Corrections; we're assuming that Human Services is - will be adequate under this bill, why aren't we doing something in conjunction with Human Services at the time of sentencing __ DOC or during the time instead of waiting till the end?

D: * 1. (Well, there's a whole pool of defendants in custody right now have already been * 2. convicted and served their sentences and are on the verge of being released,) so it would not be captured under that scenario, the other thing is, frankly, I mean, we think they should serve their sentence for the underlying crime, and then before they're released, determine whether or not they're substantially probable to re-offend, once released into the community, if they are, and treatment can help, they oughta be treated.

C: You make- I hadn't thought--you're definitely true about the existing people, and I hadn't thought of it that - and that makes total sense, and I'm not questioning the need for sentence - that they shouldn't serve their sentence,

D: I understand.

C: ..but if we're gonna - if we're saying, that they need treatment, why don't we give 'em treatment at the beginning of their sentence, as opposed to after their serve their sentence; it seems like that's one- that'd be one of the constitutional problems...of keepin' 'em.

D: I think Tom, that part of the problem has been is that all of the programs we have right now in DOC are voluntary and as I mentioned before when I was talking earlier, the number of people taking advantage of this are maybe 15 - 20%, if ever you're looking at an incentive for a sexual predator or sexual offender to get involved with these programs; here it is, because here you have an individual who's gonna know that the potential for him staying in prison for an extended period of time's out there, if in fact that individual does not take advantage of treatment programs, and certainly since that person has the key to actually ___ whereas right now there - now there's no incentive but, in factually, we know, they are not taking advantage of this, and they won't because they don't any

D: * 1. There is not language in here that prohibits that. It's a hybrid situation that is borrowed * 2. from the experiences in Wisconsin and Washington, and tailored then to meet our law, * 3. it's also combining protections that would be available in a criminal proceeding. So certainly the ah, the defendant, or the person who is being committed is going to be entitled to those protections and if the defendant has requested a jury trial, would be accorded that.

C: Well, I have a problem with that response. First of all, the person can request a jury trial, but they can't withdraw that request, as I read it.

D: They can withdraw the request.

C: Only with permission of the State.

D: With agreement with the other side, yes.

C: Well, so a defendant, then, cannot waive their right to a jury trial - or cannot withdraw the request without the State agreeing to do so.

D: That's correct.

C: And then, to get back to my question, I don't think you really answered it. If it doesn't otherwise provide in here, and the civil practice act applies, then it looks like to me that the State can move for a summary judgment or directed verdict, which clearly is something that the law doesn't provide for in the criminal code.

D: That's correct.

C: Do you intend that? I mean, do you think that's fair? (pause) Or do you think it's a flaw in the drafting of the bill?

D: Well, that would be a question that we certainly could respond to and study, I mean, the intention is to have a civil proceeding with criminal protections, and as I said, this is modeled on experiences in other areas where in fact this has been upheld as a mechanism for civil commitment.

C: I may be reading more into your answer than I should be, but, I have a feeling that you don't think that's fair that - the law should allow for a summary judgment or directed verdict - by motion of the State, but maybe I'm wrong - I frankly don't think that that's fair. Um, I guess my next question would be, and this would be (to) the representative, Representative, why don't we wait until we see what the Supreme Court says about this, why don't we wait for some guidance, to make sure that what we're passing here today will be constitutional in as much as there are many constitutional questions raised by the language?

D: There are constitution questions brought forward by this piece of legislation. This has been almost identical to Washington State where their court system had found it constitutional, one of the district courts found it unconstitutional this, along with these

C000103

activity or depicts minors under the age of 18, including but not limited to visual, auditory, telephonic, electronic media, or any matter obtained through access to any computer or material linked to computer access use.

(U) not patronize any business providing sexually stimulating or sexually oriented entertainment nor utilize "900" or adult telephone numbers or any other sex-related telephone numbers.

(V) not reside near, visit, or be in or about parks, schools, day care centers, swimming pools, beaches, theaters, or any other places where minor children congregate without advance approval of the Department and report any incidental contact with minor children to the Department within 72 hours.

(W) not establish any living arrangement or residence without prior approval of the Department;

(X) not publish any materials or print any advertisements without providing a copy of the proposed publications to the Department officer and obtaining permission prior to publication;

(Y) not leave the county except with prior permission of the Department and provide the Department officer or agent with written travel routes to and from work and any other designated destinations;

(Z) not possess or have under his or her control certain specified items of contraband related to the incidence of sexually offending items including video or still camera items or children's toys;

(AA) provide a written daily log of activities as directed by the Department;

(BB) comply with all other special conditions that the Department may impose that restrict the person from high-risk situations and limit access or potential victims.

(6) A person placed on conditional release and who during the term undergoes mandatory drug or alcohol testing or is assigned to be placed on an approved electronic monitoring device may be ordered to pay all costs incidental to the mandatory drug or alcohol testing and all costs incidental to the approved electronic monitoring in accordance with the person's ability to pay those costs. The Department may establish reasonable fees for the cost of maintenance, testing, and incidental expenses related to the mandatory drug or alcohol testing and all costs incidental to approved electronic monitoring.

P.A. 90–40, § 40, eff. Jan. 1, 1998. Amended by P.A. 91–875, § 5, eff. June 30, 2000; P.A. 92–415, § 15, eff. Aug. 17, 2001; P.A. 93–616, § 20, eff. Jan. 1, 2004; P.A. 94–556, § 1095, eff. Sept. 11, 2005.

[1] 405 ILCS 5/3–804.
[2] 740 ILCS 110/1 et seq.
[3] 750 ILCS 60/101 et seq.
[4] 720 ILCS 550/1 et seq.
[5] 720 ILCS 570/100 et seq.

### 207/45. Deoxyribonucleic acid analysis requirements

§ 45. Deoxyribonucleic acid analysis requirements.

(a)(1) If a person is found to be a sexually violent person under this Act, the court shall require the person to provide a biological specimen for deoxyribonucleic acid analysis in accordance with Section 5–4–3 of the Unified Code of Corrections.[1]

(2) The results from deoxyribonucleic acid analysis of a specimen under paragraph (a)(1) of this Section may be used only as authorized by Section 5–4–3 of the Unified Code of Corrections.

(b) The rules adopted by the Illinois Department of State Police under Section 5–4–3 of the Unified Code of Corrections are the procedures that must be followed for persons to provide specimens under paragraph (a)(1) of this Section.

P.A. 90–40, § 45, eff. Jan. 1, 1998. Amended by P.A. 91–227, § 5, eff. Jan. 1, 2000.

[1] 730 ILCS 5/5–4–3.

### 207/50. Secure facility for sexually violent persons

**§ 50. Secure facility for sexually violent persons.**

**(a) The Department shall place a person committed to a secure facility under paragraph (b)(2) of Section 40 of this Act at a facility provided by the Department of Corrections under subsection (b) of this Section.**

(b) The Department may enter into an agreement with the Department of Corrections for the provision of a secure facility for persons committed under paragraph (b)(2) of Section 40 of this Act to a facility. The Department shall operate the facility provided by the Department of Corrections under this subsection and shall provide by rule for the nature of the facility, the level of care to be provided in the facility, and the custody and discipline of persons placed in the facility. The facility operated under this Section shall not be subject to the provisions of the Mental Health and Developmental Disabilities Code.[1]

(c) For the purposes of Section 3–6–4 of the Unified Code of Corrections,[2] a person held in detention in a secure facility or committed as a sexually violent person and held in a secure facility shall be considered a "committed person" as that term is used in Section 3–6–4 of the Unified Code of Corrections.

P.A. 90–40, § 50, eff. Jan. 1, 1998. Amended by P.A. 90–793, § 20, eff. Aug. 14, 1998.

[1] 405 ILCS 5/1–100 et seq.
[2] 730 ILCS 5/3–6–4.

### 207/55. Periodic reexamination; report

§ 55. Periodic reexamination; report.

(a) If a person has been committed under Section 40 of this Act and has not been discharged under Section 65 of this Act, the Department shall submit a written report to the court on his or her mental condition within 6 months after an initial commitment under Section 40 and then at least once every 12 months thereafter for the purpose of determining whether the person has made sufficient progress to be conditionally released or discharged. At the time of a reexamination under this Section, the person who has been committed may retain or, if he or she is indigent and so requests, the court may appoint a qualified expert or a professional person to examine him or her.

(b) Any examiner conducting an examination under this Section shall prepare a written report of the examination no later than 30 days after the date of the examination. The examiner shall place a copy of the report in the person's health care records and shall provide a copy of the report to the court that committed the person under Section 40. The examination shall be conducted in conformance with the standards developed under the Sex Offender Management Board Act and by an evaluator approved by the Board.

(c) Notwithstanding subsection (a) of this Section, the court that committed a person under Section 40 may order a reexamination of the person at any time during the period in which the person is subject to the commitment order. Any

STATE OF ILLINOIS )
)
)
COUNTY OF )

PROOF OF SERVICE/CERTIFICATE OF SERVICE

The Undersigned, Being first duly Sworn upon Oath, Deposes and states that a Copy of the Foregoing: 42 U.S.C section 1983 Law Suit, against Bristal Rivers and Dawn Welkie.

Was served upon the below-named parties on: August 22, 2012 by depositing a copy in the U.S. Mail box Located At: Illinois Department of Human Services Treatment and Detention Facility
1680 E. County Farm Rd.
Rushville, Illinois 62681

In an Envelope bearing sufficent Postage To:

TO: THE CLERK OF THE COURT
Micheal Dobbins
219 South Dearborn Street
Chicago, Illinois 60604

TO:

TO:

TO:

8-22-12

DATE

Jerome Shinmage