Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | HARRY D. LEINENWEBER | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 12 C 6913 | **DATE** | 9/5/2012 |
| **CASE TITLE** | Jerome Grimmage (#901301) vs. Kristal Rivers, et al. | | |

**DOCKET ENTRY TEXT:**

The plaintiff's motion for leave to proceed *in forma pauperis* [#3] is denied. The complaint is summarily dismissed on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) for failure to state an actionable civil rights claim. The case is terminated. The plaintiff's motion for appointment of counsel [#4] is denied as moot.

■ [**For further details see text below.**]

Docketing to mail notices.
Mailed AO 450 form.

## STATEMENT

The plaintiff, a civil detainee in state custody pursuant to the Sexually Violent Persons Commitment Act, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The plaintiff claims that the defendants, two Assistant Attorneys General of the State of Illinois, violated the plaintiff's constitutional rights by wrongfully pursuing the commitment proceedings that have resulted in his continued confinement after his criminal sentence expired.

The plaintiff's motion for leave to proceed *in forma pauperis* is denied and the case is summarily dismissed on preliminary review pursuant to 28 U.S.C. § 1915(e)(2)(B).

The plaintiff may not sue the defendants for their role in bringing civil commitment proceedings. Prosecutors are absolutely immune in a suit for damages under § 1983 for initiating proceedings on behalf of the State, including civil commitment proceedings. *See Diestelhorst v. Ryan*, 20 Fed. App'x 544, 546 (7th Cir. 2001)*; Dobrzeniecki v. Salisbury*, No. 11 C 7956, 2012 WL 1531278, *4 (N.D. Ill. Apr. 27, 2012) (Holderman, J.) (dicta). The defendants' actions were akin to those of prosecutors in a criminal case; "in initiating a prosecution and in presenting the State's case, the prosecutor is immune from a civil suit for damages under § 1983." *Imbler v. Pachtman*, 424 U.S. 409, 429-31 (1976); *see also Buckley v. Fitzsimmons*, 509 U.S. 259 (1993); *Smith v. Power*, 346 F.3d 740, 742 (7th Cir. 2003).

**(CONTINUED)**

mjm

| STATEMENT (continued) |
|---|

Furthermore, to the extent that the plaintiff argues that he is being unlawfully detained, the court cannot entertain such a challenge by way of a civil rights action. "[C]hallenges to the validity of any confinement or to particulars affecting its duration are the province of habeas corpus." *See, e.g., Muhammad v. Close*, 540 U.S. 749, 750 (2004) (citing *Preiser v. Rodriguez*, 411 U.S. 475, 500 (1973)). A civil committee must file a petition for a writ of habeas corpus if he wishes to contest the legality of the commitment order. *See, e.g., Duncan v. Walker*, 533 U.S. 167, 176 (2001); *Bauer v. Reidda*, No. 10 C 1376, 2010 WL 2990036, *1 (N.D. Ill. Jul. 26, 2010) (Leinenweber, J.).

The court is not permitted to "convert" the civil rights action into a habeas corpus suit and decide the case on its merits. *Pischke v. Litscher*, 178 F.3d 497, 500 (7th Cir. 1999). Rather, "[i]t should simply be dismissed, leaving to the prisoner to decide whether to refile it as a petition for habeas corpus." *Id.*

For the foregoing reasons, this suit is dismissed for failure to state a claim upon which relief may be granted under 42 U.S.C. § 1983. Dismissal is without prejudice to seeking relief under habeas statutes, assuming the plaintiff can meet the requirements for bringing a habeas corpus action. *See* 28 U.S.C. § 2241, *et seq.*

If the plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this court within thirty days of the entry of judgment. Fed. R. App. P. 4(a)(4). A motion for leave to appeal *in forma pauperis* should set forth the issues the plaintiff plans to present on appeal. *See* Fed. R. App. P. 24(a)(1)(C).